**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

JOAN E. FRIEDENBERG,
on behalf of herself and a class of
similarly situated individuals,

Plaintiff,

v. **CLASS ACTION**

SCHOOL BOARD OF
PALM BEACH COUNTY,

Defendant.

______________________________

# COMPLAINT

Plaintiff, Joan E. Friedenberg ("Plaintiff" or "Ms. Friedenberg"), sues Defendant, the School Board of Palm Beach County ("the Board," "School Board" or "Defendant"), on behalf of herself and a class of similarly situated persons, for injunctive and declaratory relief, and alleges as follows:

## INTRODUCTION

1. Ms. Friedenberg challenges a School Board policy requiring all job applicants to submit to a suspicionless drug test—whether or not those applicants are applying for safety-sensitive positions. As to those who are not applying for safety-sensitive jobs, this policy violates the Fourth Amendment's prohibition against unreasonable searches. On behalf of herself and a class of similarly situated individuals, Ms. Friedenberg seeks relief from this unconstitutional policy.

2. Ms. Friedenberg is 65 years old.

3. Ms. Friedenberg is an experienced, retired educator with a life-long love of teaching. Ms. Friedenberg has applied for several jobs with the Palm Beach County School District, including as a Substitute Teacher, Tutor and Early Childhood Aide.

4. Ms. Friedenberg is well qualified for these positions. She has completed all prerequisites for employment, except one: Ms. Friedenberg has refused to submit to a scheduled suspicionless drug test. To be clear, Ms. Friedenberg would "pass" such a drug test. But she is unwilling to forego her constitutional rights as a condition of employment.

## JURISDICTION

5. Plaintiff's claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343(a)(3), and has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure. The constitutional rights asserted by Plaintiff are enforceable under 42 U.S.C. § 1983.

## PARTIES

6. Ms. Friedenberg is an individual who resides in Boynton Beach, Florida.

7. Defendant is a body corporate pursuant to Fla. Stat. § 1001.40 and is the governing body for the Palm Beach County School District. It is located in Palm Beach County and, at all times material hereto, controlled and operated the public secondary schools at issue within the Palm Beach County School District. The Board also is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this Complaint.

## FACTS

8. The School Board has two policies regarding drug testing. The first is Policy 3.96, called the "Drug and Alcohol-Free Workplace."

9. The first and second sentences of Section 8(a) of that policy (the "All-Applicant Policy") subjects all job applicants to suspicionless drug testing, without regard to whether those applicants are applying for a safety-sensitive position. Specifically, Policy 3.96(8) provides:

> Kinds of Testing.-- Random testing of employees shall not be conducted, except for those employees subject to Policy 3.961. To maintain a drug-free work environment, the District will test for the presence of drugs, including alcohol, in the following circumstances:
>
> (a) Pre-Employment Screening.-- Pre-employment screening will be required of all applicants before employment with the District. Any applicant who tests positive in the pre-employment screening for a drug as defined in this Policy will not be hired and is not eligible to re-apply for employment with the District for one year following the confirmed positive test. . . .

10. The Board's second policy regarding drug testing is Policy 3.961, "Drug- and Alcohol-Free Workplace Policy for Employees Performing Safety Sensitive Functions and Holders of Commercial Drivers Licenses" (the "Safety-Sensitive Policy"). That policy requires suspicionless drug testing of all employees that the Board deems to be in safety-sensitive positions. According to the Safety-Sensitive Policy, safety-sensitive functions typically relate to operation of vehicles. More specifically, the Safety-Sensitive Policy defines safety-sensitive functions as applicable to all of the following:

> i. All time waiting at an employer or shipper, plant, terminal, facility, or other property, to be dispatched unless the covered employee has been relieved from duty by the District;

ii. All time inspecting equipment or otherwise inspecting, servicing or conditioning any commercial vehicle at any time;

iii. All time spent at the driving controls of a commercial motor vehicle;

iv. All time other than driving time, in or upon any commercial motor vehicle except time spent resting in a sleeping berth;

v. All time loading or unloading a vehicle, supervising, or assisting in the loading or unloading, attending a vehicle being loaded or unloaded, remaining in readiness to operate the vehicle or in giving or receiving receipts for shipments loaded or unloaded;

vi. All time repairing, obtaining assistance, or remaining in attendance upon a disabled commercial vehicle.

11. Thus, under the Board's policies, two categories of persons are subject to blanket, suspicionless drug testing: (1) any applicant for employment with the Palm Beach County School District (pursuant to the All-Applicant Policy), and (2) employees performing safety-sensitive functions (pursuant to the Safety-Sensitive Policy).

12. The All-Applicant Policy Violates the Fourth Amendment to the United States Constitution.[1]

13. Plaintiff's attorneys have written to Defendant in an effort to persuade Defendant to amend its unconstitutional drug-testing policy. *See* Exhibit A (letter dated Nov. 12, 2015). However, Defendant has refused to amend its unconstitutional policy. *See* Exhibit B (e-mail from Shawntoyia Bernard dated November 1, 2016, referencing series of communications between counsel for Plaintiff and Defendant).

---

[1] Defendant's criteria for safety-sensitive jobs, as excerpted above (*see supra* paragraph 10), are unconstitutionally broad. Nonetheless, Plaintiff is not challenging the Safety-Sensitive Policy in this action. Plaintiff also does not challenge those portions of Policy 3.96 that call for *suspicion-based* testing of employees and volunteers.

## THE FOURTH AMENDMENT PROHIBITS UNREASONABLE GOVERNMENT SEARCHES

14. The Fourth Amendment to the United States Constitution commands that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated[.]"

15. Under well-settled law, the drug-testing regime mandated by Defendant is a governmental search that must comply with the Fourth Amendment. *See Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 617 (1989) (the personal intrusions involved in urinalysis "must be deemed searches under the Fourth Amendment").

16. The Supreme Court of the United States has held that suspicionless drug-testing by the government is an unreasonable search that violates the Fourth Amendment, except under certain jealously guarded circumstances, such as those involving employees in safety-sensitive positions where there is a concrete danger of real harm. *Compare Chandler v. Miller*, 520 U.S. 305, 318-20 (1997) (striking down mandatory drug-testing of applicants for public office), *with Skinner*, 489 U.S. at 628 (permitting drug-testing of train conductors).

17. Teachers, including Plaintiff, and many other employees of Defendant are not considered safety-sensitive workers for purposes of the Fourth Amendment. *See, e.g.*, *United Teachers of New Orleans v. Orleans Par. Sch. Bd.*, 142 F.3d 853, 857 (5th Cir. 1998) ("The two parish school boards have offered no legal justification for insisting upon drug testing urine without a showing of individualized suspicion of wrongdoing in a given case, certainly nothing beyond the ordinary needs of law enforcement."); *Am. Fed'n of Teachers-W. Virginia, AFL-CIO v. Kanawha Cty. Bd. of Educ.*, 592 F. Supp. 2d 883, 902-04 (S.D.W.Va. 2009) (striking down drug testing of teachers because teachers

do not perform duties that are so "fraught with such risks of injury to others that even a momentary lapse of attention can have disastrous consequences"); *see also, e.g., Wenzel v. Bankhead*, 351 F. Supp. 2d 1316, 1325 (N.D. Fla. 2004) (ruling that the mere possibility of harm was not enough to justify the drug testing of a planner in Florida's Department of Juvenile Justice: "There must be, instead, a concrete risk of real harm.").

18. The constitutional prohibition against across-the-board, suspicionless testing applies to job applicants as well as current employees. *Baron v. City of Hollywood*, 93 F. Supp. 2d 1337 (S.D. Fla. 2000) (ruling that City's desire to foster public integrity was an insufficient rationale for drug testing all job applicants). *See generally Chandler*, 520 U.S. 305 (holding that drug-testing policy that applied to applicants for political office was unconstitutional).

**THE ALL-APPLICANT POLICY VIOLATES THE FOURTH AMENDMENT**

19. Defendant's All-Applicant Policy violates the Fourth Amendment to the U.S. Constitution because it commands suspicionless searches of all applicants, without limiting the searches in any way to those applying for safety-sensitive positions that entail a concrete danger of real and broad-based harm.

**DEFENDANT IS VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS**

20. Ms. Friedenberg is a qualified applicant for the jobs for which she has applied.

21. On December 18, 2016, Plaintiff ordered transcripts to be sent to Defendant, completed the "Applicant Security Check" form, and sent the form to Defendant by U.S. Mail.

22. On December 25, 2016, Ms. Friedenberg submitted five online applications to Defendant to work as a tutor.

23. On January 8, 2017, Ms. Friedenberg submitted an online application to be a childhood aide, and on January 9, 2017, she submitted an online application to be a substitute teacher.

24. For all these applications, Ms. Friedenberg was required to check a box agreeing to be drug-tested. She checked the box because if she did not do so, she would not be hired.

25. On January 27, 2017, Ms. Friedenberg received an E-mail from Edith Brown (from the Palm Beach County School District) asking Plaintiff to call to make an appointment to come in for an interview. Plaintiff later called and spoke with Ms. Brown. Ms. Brown explained on the phone that the purpose of the meeting was to go over all of Plaintiff's paperwork to ensure everything was complete.

26. Ms. Brown also suggested that Plaintiff take the "How to be a Substitute Teacher" class, even if she could prove she had classroom experience in the last five years (which she does). Plaintiff agreed to take the class—and did take the class—on February 4, 2017, at Wellington High School. She paid $25 to complete the class.

27. At Plaintiff's interview, held on Tuesday, February 21, 2017, Plaintiff was told that the only two things she needed to complete prior to being hired was to get fingerprinted and to take—and pass—a drug test. Plaintiff immediately fulfilled the fingerprinting requirement. Defendant informed Plaintiff that she must complete the required drug testing at an approved facility before her new employee orientation, on Monday February 27, 2017, at 9 a.m.

## CLASS ACTION ALLEGATION

28. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) and/or (b)(2). Subject to amendment upon the discovery of further facts or for other permissible reasons, the Class is defined as follows: All job applicants for non-safety-sensitive positions with the Palm Beach County School District. Excluded from the class are Defendant's counsel, Plaintiff's counsel, counsel's immediate family members, and the jurists (and their staff) who are assigned to this matter.

29. The members of the class are so numerous that their individual joinder would be impracticable. The precise number of class members is unknown to the named Plaintiff; however, upon information and belief, the class consists of at least hundreds of individuals over the course of a relatively short period of time. It would be impracticable and a waste of judicial resources for each of the class members to be individually represented in separate actions.

30. Common questions of law and fact exist. These common legal and factual questions include, but are not limited to, the following:

- Whether drug testing of bodily fluids is a "search" for purposes of the Fourth Amendment.
- Whether all applicants for non-safety-sensitive positions can be subjected to such a search under the Fourth Amendment.
- Whether, in the absence of a demonstrated special need, such suspicionless drug-testing violates the Fourth Amendment.

31. Plaintiff's claims are typical of the claims of the class. Plaintiff and all class members are threatened with the same injury (*i.e.*, the prospect of having to submit to an unconstitutional search of their bodily fluids). Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members, and Plaintiff's claims are based on the same legal theories as the claims of the class members.

32. Plaintiff will fully and adequately assert and protect the interest of the class she seeks to represent. Plaintiff has retained counsel experienced in class actions and complex constitutional litigation, including multiple successful lawsuits that have resulted in striking down public employers' drug-testing policies.

33. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Defendant. Moreover, individual adjudication regarding the conduct complained of herein would, as a practical matter, be dispositive of the interest of the class members who would not be parties to the individual actions. These individual actions would also substantially impair or impede the absent individuals' ability to protect their interests.

34. Defendant has acted and has refused to act on grounds that apply generally to the class, such that final injunctive relief is appropriate for the class as a whole.

## DECLARATORY AND INJUNCTIVE RELIEF

35. As to Plaintiff's claim for declaratory relief, an actual and immediate controversy has arisen and now exists between Plaintiff and Defendant, which parties have genuine and opposing interests and which interests are direct and substantial. There

is a bona fide dispute between the parties; Plaintiff raises a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; Plaintiff is in doubt as to her right, status, immunity, power or privilege; and there is a bona fide, actual, present need for the declaration. Plaintiff is thus entitled to a declaratory judgment, as well as such other and further relief as may follow from the entry of such a declaratory judgment.

36. As to Plaintiff's claim for injunctive relief, Plaintiff has no adequate remedy at law. Defendant has failed, and continues to fail, to comply with the United States Constitution for a least the reasons set forth herein. Unless enjoined by the Court, Defendant will continue to infringe Plaintiff's and the other class members' constitutionally protected rights and will continue to inflict irreparable injury. This threat of injury to Plaintiff and the other class members from continuing violations requires preliminary and permanent injunctive relief.

## CLAIM FOR RELIEF

## VIOLATION OF FOURTH AMENDMENT TO U.S. CONSTITUTION

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

38. The right to be free from unreasonable searches and seizures, protected by the Fourth Amendment to the U.S. Constitution, is clearly established. A drug test of bodily fluids is a search, and is unreasonable under the circumstances.

39. By its policies, practices, and customs of searching prospective employees' bodily fluids, Defendant has violated and continues to threaten to violate the Fourth Amendment rights of Plaintiff and all class members.

## REQUEST FOR SPEEDY HEARING

40. Plaintiff respectfully asks the Court to order a speedy hearing of this action under Rule 57 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

41. The Plaintiff demands judgment:

1) Enjoining Defendant from implementing the drug-testing regime against non-safety-sensitive prospective employees, as mandated by the All Applicant Policy, during the pendency of this action;

2) Quashing Defendant's All-Applicant Policy, applied to non-safety-sensitive prospective employees, because it violates the right to be free from unreasonable searches under the Fourth Amendment to the United States Constitution;

3) Declaring that Defendant's All-Applicant Policy, applied to non-safety-sensitive prospective employees, violates the right to be free from unreasonable searches under the Fourth Amendment to the United States Constitution;

4) Awarding Plaintiff attorneys' fees and costs, as provided in 42 U.S.C. § 1988.

5) Issuing such other and further relief as this Court deems just and proper.

Dated this 22nd day of February, 2017.

Respectfully submitted,

s/James K. Green
James K. Green, Esq.
Florida Bar No: 229466
jkg@jameskgreenlaw.com
Nancy A. Udell, Esq.
Florida Bar No: 125478

nancy.udell@gmail.com
JAMES K. GREEN, P.A.
Suite 1650, Esperantè
222 Lakeview Ave.
West Palm Beach, FL 33401
(561) 659-2029 (telephone)
(561) 655-1357 (facsimile)

Adam B. Wolf, Esq.
awolf@wolflegal.com
4 Embarcadero Center
Suite 1400
San Francisco, CA 94111
(415) 766-3545 (telephone)
(415) 402-0058 (facsimile)
(Application to appear *pro hac vice* pending)

**COOPERATING ATTORNEYS FOR THE AMERCIAN CIVIL LIBERTIES UNION OF FLORIDA AND ATTORNEYS FOR PLAINTIFF**